# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1859 | **DATE** | 2/21/2003 |
| **CASE TITLE** | Kristofor vs. Dr. Charles Schnibben, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendants' motion for summary judgment brought pursuant to Fed. R. Civ. P. 56. [7-1]. Defendants' motion is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 26 2003 date docketed | |
| | Notified counsel by telephone. | | | 15 |
| ✓ | Docketing to mail notices. | | AR docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COLLEEN KRISTOFOR,  )
    Plaintiff,  )
    ) No. 02 C 1859
v.  )
    ) HONORABLE CHARLES R. NORGLE
    )
DR. CHARLES SCHNIBBEN, individually  )
and d/b/a/ ILLINOIS ORTHODONTIC  )
CENTERS, and C.L. SCHNIBBEN, D.D.S.  )
and Illinois Corp, d/b/a ILLINOIS  )
ORTHODONTIC CENTERS, and ILLINOIS  )
ORTHODONTIC CENTERS,  )
    Defendants.  )

## OPINION AND ORDER

**Charles R. Norgle Sr., District Judge**

Before the court is Defendants' motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56. After an in court hearing, Defendants' motion for summary judgment was limited to the sole issue of whether Plaintiff is disabled within the meaning of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12201 et. seq.. For the following reasons, Defendants' motion is granted.

## I. BACKGROUND [1]

Plaintiff, Colleen Kristofor ("Kristofor"), an orthodontist, brought this action against Defendant, Dr. Charles Schnibben ("Dr. Schnibben"), her former employer, for alleged violations of the ADA. Kristofor asserts that she is disabled as defined by the ADA, based on her allergy to latex, and that Schnibben failed to accommodate her disability.

---

[1] The court takes the facts from the parties Local Rule 56.1 statements, the accompanying exhibits, and the pleadings. Disputed facts are noted in the text.

In 1995 Kristofor was originally diagnosed as having an allergy to latex. In June 1996, Kristofor began working for Dr. Schnibben. Kristofor worked for Dr. Schnibben as an orthodontist, at his two offices, 3155 South Shields, Chicago, Illinois 60616 and 1020 South Park Drive, Homewood, Illinois 60430, for approximately 4 ½ years. In December 2000, Kristofor was diagnosed with having a Class IV latex allergy. Kristofor's employment with Dr. Schnibben was terminated in February 2001. Kristofor asserts that she was terminated because of her allergy to latex. Dr. Schnibben asserts that Kristofor's frequent absenteeism was the reason for her termination.

Dr. Schnibben has filed a motion for summary judgment, which the court has limited the only issue for consideration as whether Kristofor's allergy to latex renders her disabled as defined by the ADA. If Kristofor's allergy is not a disability as defined by the ADA her claims fails. Kristofor asserts in her response brief that this motion should be considered a motion for judgment on the pleadings because little to no discovery has taken place. Additionally, Kristofor attached several exhibits in support of her response brief. The court construes the motion before it as a motion for summary judgment. Even if Dr. Schnibben had filed a motion for judgment on the pleadings the attachment of addition exhibits, outside the pleadings, converts the matter into a motion for summary judgment. See Fed. R. Civ. Pro. 12(c).

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield

2

v. Consolidated High School District No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Shank v. William R. Hague, Inc., 192 F.3d 675, 682 (7th Cir. 1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events.") A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. See e.g. Navarro v. Fuji Heavy Industries, Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. See id. It bears repeating that the plaintiff must present evidence, rather than speculation and conclusions without factual support. See Rand v. CF Industries, Inc., 42 F.3d 1139, 1146-47 (7th Cir. 1994).

### B. ADA Claim

The ADA prohibits employers from discriminating against persons with disabilities in connection with employment activities. 42 U.S.C. § 12112(a). Under the ADA, an employee may present either direct or indirect evidence of employer discrimination. See Bekker v. Humana Health Plan, Inc., 229 F.3d 662, 670 (7th Cir. 2000). When relying on indirect evidence at the summary judgment stage a plaintiff must first establish a *prima facie* case of discrimination within the meaning of the ADA, in accordance with the burden-shifting method developed in McDonnell Douglas. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, (2000); Tyler v. Ispat Inland Inc., 245 F.3d 969, 972 (7th Cir. 2001); Bekker, 229 F.3d at 672.

To establish a *prima facie* case of discrimination, Kristofor must show that (1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of her job either with or without reasonable accommodation, and (3) she suffered from an adverse employment decision because of her disability. See Pugh v. City of Attica, 259 F.3d 619, 626 (7th Cir. 2001) (citing Bekker, 229 F.3d at 669-70).

3

A disability within the meaning of the ADA, the only issue that the court is presently addressing, is a condition that "substantially prevents a person from engaging in one of the major activities of life, such as walking, seeing, or reproduction." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 192 (2002); Szmaj v. AT&T, 291 F.3d 955, 956 (7th Cir. 2002); Stein v. Ashcroft, 284 F.3d 721, 725 n. 2 (7th Cir. 2002); Silk v. City of Chicago, 194 F.3d 788, 798 n. 7 (7th Cir. 1999).

"When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires at a minimum that plaintiffs allege they are unable to work in a broad class of jobs." Sutton v. United Air Lines, Inc., 527 U.S. 471, 491 (1999). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." Id., citing 29 CFR § § 1630.2(j)(1)(i),(ii)(1998). "[A]n individual is not substantially limited in working just because he or she is unable to perform a particular job for one employer, or because he or she is unable to perform a specialized job or profession requiring extraordinary skill, prowess or talent; instead, the impairment must substantially limit employment generally." Webb v. Chote Mental Hospital, 230 F.3d 991, 998 (7th Cir. 2000) (citing 29 C.F.R. §§ 1630.2(j), App. (1999); see Byrne v. Bd. of Educ., School of West Allis-West Milwaukee, 979 F.2d 560, 565 (7th Cir. 1992)); (internal quotations omitted).

Kristofor asserts that due to her latex allergy she is unable to perform her job as an orthodontist. Kristofor's latex allergy is not a disability as defined by the ADA. The fact that her allergy impedes her ability to perform her duties as an orthodontist does not constitute a disability under the ADA. Kristofor's allergy does not prohibit her from working in a broad class of jobs, nor does she assert that it does. Kristofor merely asserts that her latex allergy prevents her from working in certain positions relating to the field of dentistry. Kristofor's latex allergy does not "substantially limit employment generally." See Webb, 230 F.3d 998.

Additionally, Kristofor asserts that due to her allergy she is greatly inhibited in her ability to lead a normal life and thus should be rendered as disabled under the ADA. There has been evidence

4

produced that contradicts Kristofor's assertion. Recently Kristofor participated in a half marathon and the "Hustle up the Hancock."[2] Kristofor's allergy has not prevented her from participating in some of very things she asserts. Kristofor can go outside and actively participate in normal, and some extraordinary, events. Kristofor's allergy does not prevent her from engaging in one of the major life activities, such as walking, seeing, or reproducing. Toyota Motor Mfg., Kentucky, Inc., 534 U.S. at 192.

Kristofor has not been able to show the first element of a *prima facie* case for her claims of discrimination, that she is disabled within the meaning of the ADA. Kristofor's allergy to latex does not render her disabled as defined by the ADA.

### III. CONCLUSION

Plaintiff, Kristofor's, class IV latex allergy does not render her disabled as defined by the ADA. Therefore, Kristofor's claims based on ADA discrimination fail. Defendant, Dr. Schnibben's, motion for summary judgment, brought pursuant to Federal Rule of Civil Procedure 56 is granted.

IT IS SO ORDERED

ENTER

CHARLES RONALD NORGLE SR., Judge
United States District Court

DATED: 2-21-03

---

[2] The Hustle up the Hancock is a race in which competitors run up the 94 flights of stairs in the John Hancock building in Chicago, Illinois.